UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COURTLAND OLIVERIRES and JACQUELINE PHILLIPS,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Case No. 4:18-cv-2139-SPM |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's Motion to Strike Affirmative Defenses Filed by Defendant (Doc. 15). Defendant has not responded to the motion. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 10).

### I. BACKGROUND

Plaintiffs filed a petition in Missouri state court against Defendant, alleging claims of vexatious refusal to pay and breach of contract. On December 26, 2018, Defendant removed the case to this Court. On January 2, 2019, Defendant filed its Answer, in which Defendant asserted several affirmative defenses. (Doc. 8). On March 21, 2019, Plaintiffs filed the instant motion, in which they ask the Court to strike twelve of Defendant's affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

### II. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter,"

1

either on its own or on a motion made by a party. The Court may act either "(1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).

The Court has broad discretion in resolving a motion to strike. *See Stanbury Law Firm v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Motions to strike "are viewed with disfavor and are infrequently granted." *Id.* (internal quotation marks omitted). Courts have observed that "motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record—such as on a motion for summary judgment." *Shirrell v. St. Francis Med. Ctr.*, No. 1:13-CV-42 SNLJ, 2013 WL 3457010, at *1 (E.D. Mo. July 9, 2013) (quoting *Morgan v. Midwest Neurosurgeons*, LLC, No. 1:11-CV-37-CEJ, 2011 WL 2728334, at *1 (E.D. Mo. July 12, 2011)); *see also Speraneo v. Zeus Tech., Inc.*, No. 4:12-CV-578-JAR, 2012 WL 2117872, at *1 (E.D. Mo. June 11, 2012) (quoting same).

"A motion to strike an affirmative defense should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief.'" *Speraneo*, 2012 WL 2117872, at *1 (quotation marks omitted). In addition, "a motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." *Id. Accord Schmidt v. Hosley Int'l, Inc.*, No. 4:15 CV 614 CEJ, 2015 WL 4134338, at *2 (E.D. Mo. July 8, 2015); *Shirrell*, 2013 WL 3457010, at *1.

### III.   DISCUSSION

The Court finds that Plaintiff's Motion to Strike should be dismissed because it was not

timely filed. Under Federal Rule of Civil Procedure 12(f)(2), the Court may strike material from a pleading "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Defendant pleaded its affirmative defenses on January 2, 2019. Plaintiffs filed the instant motion on March 21, 2019—78 days later. Thus, the motion will be denied because it was not timely filed.

The Court acknowledges that even though the motion to strike was not timely filed, the Court is permitted, in its discretion, to consider the motion. *See, e.g.*, *Ashokkumar v. Elbaum*, No. 4:12-CV-3067, 2012 WL 4508123, at *1 (D. Neb. Sept. 28, 2012) (collecting cases); *see also* Wright & Miller, *Federal Practice & Procedure*, § 1380 (3d ed.) ("The authority given the court by the rule to strike an insufficient defense 'on its own' has been interpreted to allow the district court to consider untimely motions to strike and to grant them if doing so seems proper. This judicial discretion is appropriate since in many instances a motion to strike redundant, impertinent, immaterial, or scandalous matter is designed to eliminate allegations from the pleadings that might cause prejudice at some later point in the litigation.").

Even if the Court were to consider the merits of the untimely motion to strike, however, the Court would find that it should be denied. Plaintiffs have not set forth any basis for a finding that they will be prejudiced by any of the defenses at issue remaining in the pleadings or that the inclusion of the defenses in the pleadings will confuse the issues. Plaintiffs point out that two of the challenged defenses (failure to state a claim and a reservation of a right to plead additional defenses) are not actually properly characterized as affirmative defenses. However, Plaintiffs do not explain how the inclusion of these defenses in the pleadings could cause any prejudice or confusion, nor does the Court find any reason to believe that such prejudice or confusion could possibly exist. The Court declines to strike these defenses on purely semantic grounds. *See, e.g.,*

*Suzanne Dengnen, DMD, PC v. Dentis*, No. 4:17–CV–292 (CEJ), 2017 WL 2021085, at *3 (E.D. Mo. May 12, 2017) (denying motion to strike affirmative defense of failure to state a claim; finding no prejudice and no good reason to strike an otherwise permissible defense on semantic grounds); *CitiMortgage, Inc. v. Just Mortg., Inc.*, No. 4:09 CV 1909 DDN, 2013 WL 6538680, at *8 (E.D. Mo. Dec. 13, 2013) (denying motion to strike affirmative defense of failure to state a claim because "the court perceives no prejudicial effect of burdensome discovery or litigating unnecessary issues by allowing failure to state a claim to remain in defendants' pleadings.").

As to the other ten challenged affirmative defenses, Plaintiffs have not provided any specific arguments for why any of them are legally inadequate, are immaterial, or will cause prejudice or confusion if they remain in the pleadings. Rather, Plaintiffs merely assert generally that Defendant has not set forth the affirmative defenses with sufficient specificity, that the defenses are merely "bare bones legal conclusions," and that the defenses "are mere conclusions with no supporting statements." This argument appears to be based on the premise that the Court should apply the pleading requirements articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which require a complaint to contain sufficient facts to state a claim for relief that is plausible on its face, in evaluating Defendant's affirmative defenses. However, the undersigned has repeatedly held that the pleading standards of *Iqbal* and *Twombly* do not apply to affirmative defenses. *See Arbogast v. Healthcare Revenue Recovery Group*, 327 F.R.D. 267, 269 (E.D. Mo. 2018). Instead, a defendant must simply "state in short and plain terms its defenses." Fed. R. Civ. P. 8(b).

In addition, the Court disagrees with Plaintiffs' characterization of the affirmative defenses at issue as merely "bare bones legal conclusions" with "no supporting statements." For example, in affirmative defense number 5, Defendant states, "Plaintiff failed to comply with the duties after

4

loss." Answer, Doc. 8, ¶ 5. This allegation immediately follows an allegation containing quoted language from the insurance policy at issue specifically listing the insured's "duties after loss," including, *inter alia*, the duty to provide notice of the loss and the duty to protect the property from further damage. Read in context, affirmative defense number 5 is more than sufficient to satisfy Rule 8(b)'s requirement of a short and plain statement of defenses. The remaining challenged defenses similarly appear to satisfy the requirements of Rule 8(b), particularly in the absence of any specific argument from Plaintiffs about why they do not.

### IV. CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendant's Affirmative Defenses. (Doc. 15) is **DENIED**.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of April, 2019.